### GRAVES *v.* GILCHRIST.

(*Supreme Court, General Term, Third Department.* February 24, 1890.)

LIBEL AND SLANDER—EVIDENCE—REPUTATION.

Where the answer in an action for slander puts in issue plaintiff's good character, and there is evidence that her character was in fact bad, it is competent for witnesses who know her to state that they know her character to be good, or that they have no personal knowledge to the contrary.

Appeal from circuit court, Washington county.

An action for slander by Alice Graves against Archibald W. Gilchrist. The words laid in the complaint were: "Alice Graves has kept a whore-house in Rutland during the past winter." The answer was: (1) A general denial; (2) by way of mitigation, that defendant heard others charge the plaintiff, in substance, with the same offense; and (3) that plaintiff was a woman of bad repute. There was a verdict for plaintiff for $800. From the judgment entered thereon defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*L. Fraser*, for appellant. *Robertson, Foster & Whitman*, (*J. M. Whitman*, of counsel,) for respondent.

LEARNED, P. J. This is an action for slander, in which the plaintiff recovered, and the defendant appeals. The defendant claims that the damages

were excessive. A motion for a new trial on that ground was made at the close of the trial. There is no order denying it, and even the case does not show that it was denied. Even if we could review that matter, we should not say that the damages were so great as to justify us in setting aside the verdict. The defendant does not deny that he spoke the slanderous words. He only says he does not recollect whether he did or not. Evidence was given on both sides as to the character of the plaintiff, and it was conflicting. The balance was not so strong against her character that we can say that the jury were biased improperly in their verdict. The defendant objected that one witness called by him to show plaintiff's bad character was allowed, on cross-examination, to say that personally he knew nothing against her character. This was not improper. Another witness called by plaintiff to show her good character testified, on cross-examination, that the favorable opinion which she had given in her direct examination was her individual opinion, and not what people said of plaintiff. The court refused to exclude this, but afterwards struck it out, as far as she had given her own opinion. We think that evidence was admissible. This is not the case of a witness whose testimony is impeached by other testimony as to his bad reputation for truth. The plaintiff's good character was put in issue by defendant's answer, setting up that she was living separate from her husband, and was of a bad repute. Thus the question what her character actually was became directly material on the question of damages. After the defendant had given evidence tending to show that the plaintiff was in fact a woman of bad character, we see no reason why those who know her may not state that they know her character to be good, or know nothing to the contrary. "If his [the plaintiff's] character be generally bad, independent of the slander of which he complains, the jury may consider it." *Wolcott* v. *Hall*, 6 Mass. 518. "The plaintiff's general character is involved in the issue." 2 Greenl. Ev. § 275. And we suppose that evidence of a man's general character in such cases is not confined to reputation. We see no error in the case. Judgment affirmed, with costs. All concur.